UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy B. Crittendon,<br><br>      Plaintiff,<br><br>vs.<br><br>South Carolina Department of Corrections; Evans Correctional Institution; Perry Correctional Institution; Warden Eagleton; Mental Health Counselor Mrs. Fox; Evans Medical Department; Perry Mental Health Department; Sgt. Cotter; S.C.D.C. Dispinary Hearing Branch; Evans Grievance Department,<br><br>      Defendants. | C/A No. 4:11-2997-TMC-TER<br><br>**REPORT AND RECOMMENDATION**<br>*Partial Summary Dismissal* |

  Plaintiff, Timothy B. Crittendon, ("Plaintiff"), is a state prisoner in the Perry Correctional Institution ("PCI") of the South Carolina Department of Corrections ("SCDC"), in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, on November 7, 2011, alleging numerous complaints against SCDC, PCI, Evans Correctional Institution ("ECI," where Plaintiff was previously confined), ECI's medical and grievance departments, PCI's mental health department; and the three individual Defendants, Eagleton, Fox, and Cotter. *See* ECF No. 1. By Order issued on December 16, 2011 (ECF No. 12), Plaintiff was instructed to provide proposed service documents for Defendants, *i.e.* summonses and Forms USM-285, to bring this case into proper form for evaluation and possible service of process. Plaintiff has now brought this case into proper form. *See* ECF No. 16. Pursuant to 28 U.S.C. §

1

636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

A claim for relief under 42 U.S.C. § 1983, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and

grounds are not "persons" and do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in a § 1983 action. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991).

Plaintiff's Complaint, insofar as it names as Defendants "South Carolina Department of Corrections," "Evans Correctional Institution," "Perry Correctional Institution," "Evans Medical Department," "Perry Mental Health Department," "S.C.D.C. Dispinary Hearing Branch," and "Evans Grievance Department," does not name "persons" subject to a § 1983 claim. South Carolina Department of Corrections, Evans Correctional Institution, Perry Correctional Institution, Evans Medical Department, Perry Mental Health Department, S.C.D.C. Dispinary Hearing Branch, and Evans Grievance Department, are not a proper Defendants upon whom the United States Marshals Service could effect service of process, and against whom relief could be granted by this Court. Accordingly, South Carolina Department of Corrections, Evans Correctional Institution, Perry Correctional Institution, Evans Medical Department, Perry Mental Health Department, S.C.D.C.

Dispinary Hearing Branch, and Evans Grievance Department should be dismissed as Defendants in this case and terminated on the docket. Plaintiff's Complaint should be served upon the three individual Defendants, *i.e.* Warden Eagleton; Mrs. Fox, Mental Health Counselor; and Sgt. Cotter.

## RECOMMENDATION

It is recommended that Plaintiff's Complaint be summarily dismissed as to Defendants South Carolina Department of Corrections, Evans Correctional Institution, Perry Correctional Institution, Evans Medical Department, Perry Mental Health Department, S.C.D.C. Dispinary Hearing Branch, and Evans Grievance Department, without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B). The Complaint should be served on the three remaining individual Defendants, *i.e.* Warden Eagleton; Mrs. Fox, Mental Health Counselor; and Sgt. Cotter.

Plaintiff's attention is directed to the important notice on the next page.

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

March 8, 2012
Florence, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 2317
Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).