IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Timothy B. Crittendon, | CA No. 4:11-2997-TMC-TER |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| South Carolina Department of Corrections; Evans Correctional Institution; Perry Correctional Institution; Warden Eagleton; Mental Health Counselor Mrs. Fox; Evans Medical Department; Perry Mental Health Department; Sgt. Cotter; S.C.D.C. Dispinary [sic] Hearing Branch; Evans Grievance Department, | |
| Defendants. | |

Plaintiff Timothy B. Crittendon (Crittendon) was a state prisoner in the Perry Correctional Institution (PCI) of the South Carolina Department of Corrections (SCDC) in Pelzer, South Carolina at the time this case was commenced. He filed his complaint (Dkt. No. 1) pursuant to 42 U.S.C. § 1983, on November 7, 2011. Crittendon, proceeding *pro se*, alleges numerous violations of his constitutional rights by SCDC and its disciplinary hearing branch; PCI; Evans Correctional Institution (ECI)[1]; ECI's medical and grievance departments; PCI's mental health department; and the three individual defendants, Eagleton, Fox, and Cotter. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this case was assigned to the United States magistrate judge for initial review.

By way of an order dated December 16, 2011 (Dkt No. 12), Crittendon's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) was granted, and he was instructed to provide

---

[1] Crittendon was previously incarcerated at ECI.

proposed service documents for defendants, *i.e.* summonses and Forms USM-285, to bring this case into proper form for evaluation and possible service of process. The December 16, 2011 order also ordered Crittendon "to always keep the Clerk of Court advised **in writing (Post Office Box 2317, Florence, South Carolina 29503)** if [his] address changes for any reason, so as to assure that orders or other matters that specify deadlines for [Crittendon] to meet will be received by [Crittendon]." (Dkt. No. 12 at 3.) The order specifically warned Crittendon that:

> [i]f as a result of [his] failure to comply with this Order, [he] fail[ed] to meet a deadline set by this Court, **[Crittendon's] case may be dismissed for violating this Order.** Therefore, if [Crittendon] ha[s] a change of address before this case is ended, [he] must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket number of all pending cases [he] ha[s] filed with this Court. [Crittendon's] failure to do so will not be excused by the Court.

*Id* (emphasis added).

Crittendon brought this case into proper form and, on March 8, 2012, the magistrate judge issued an order (Dkt. No. 20) authorizing service of process on defendants Eagleton, Fox, and Cotter only. The magistrate judge simultaneously issued a Report and Recommendation (Report), recommending that Crittendon's complaint be partially summarily dismissed, without prejudice and without issuance and service of process, as to Defendants SCD, ECI, PCI, Evans Medical Department, Perry Mental Health Department, S.C.D.C. Dispinary Hearing Branch, and Evans Grievance Department, because these defendants are inanimate objects, not "persons" acting "under color of state law," and are, therefore, not amendable to suit under 42 U.S.C. § 1983. (Dkt. No. 21.) *See Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989). The order and Report of March 8, 2012 were mailed to Crittendon at the address he provided to the Court, which is the correct address for PCI, *i.e.* 430 Oaklawn Road, Pelzer, SC 29669. On March 19, 2012, the mail in

which the order and Report were sent to Crittendon was returned as undeliverable (Dkt. No. 26.) The individual defendants in this case were served with the complaint and filed an answer on April 17, 2012 (Dkt. No. 34.) The magistrate judge issued a scheduling order in this case on April 18, 2012 (Dkt. No. 35), which was also mailed to Crittendon at his above-noted PCI address. On April 30, 2012, the mail in which the scheduling order was sent to Crittendon was also returned as undeliverable. (Dkt. No. 37.)

The court takes judicial notice that SCDC's Incarcerated Inmate Search website indicates that Crittendon is no longer in SCDC's custody. *See* https://sword.doc.state.sc.us/scdc-public/ (last visited June 6, 2012); *see also In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). Crittendon has not filed a change of address with the court, despite having been ordered to always keep the clerk of court advised, in writing, of any change of address. Thus, Crittendon has failed to comply with the court's order of December 16, 2011. Crittendon also failed to submit specific written objections to the Report within the time deadline permitted under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, which time deadline expired on March 26, 2012.[1] *See* ECF No. 21. On two occasions, mail which was properly addressed to Crittendon at his address of record in this case was returned to the court as undeliverable. The court presumes that

---

[1] The Report has no presumptive weight. The responsibility to make a final determination in this case remains with the Court and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976); 28 U.S.C. § 636(b)(1). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Crittendon's failure to comply with the court's order and his failure to keep the court advised of his mailing address indicate his intent to discontinue prosecuting this case and subject this case to dismissal. *See* Rule 41, Fed. R. Civ. P.; *Link v. Wabash Railroad Company*, 370 U.S. 626 (1962).

Accordingly, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court adopts the Report (Dkt. No. 21) and incorporates it here. Based on the Report, and based on the plaintiff's failure to comply with the court's order, it is therefore **ORDERED** that this case is **DISMISSED**, without prejudice, as to all of the named defendants.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
Timothy M. Cain  
United States District Judge

Greenville, South Carolina  
July 12, 2012

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.